UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETE IBARRA III,<br><br>                Plaintiff,<br>    v.<br><br>SNOHOMISH COUNTY, et al.,<br><br>                Defendants. | CASE NO. C16-0317JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND AND TO REOPEN DISCOVERY |

## I.   INTRODUCTION

Before the court is Plaintiff Pete Ibarra III's motion to extend the time to retain counsel and to reopen discovery. (Mot. (Dkt. # 52).) Mr. Ibarra is proceeding *pro se*. (*See* 3/22/17 Min. Entry (Dkt. # 50).) The court has considered Mr. Ibarra's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Ibarra's motion in part and DENIES Mr. Ibarra's motion in part.

//

//

ORDER - 1

## II.   BACKGROUND & ANALYSIS

On March 14, 2017, Mr. Ibarra filed a motion to allow his counsel to withdraw so that Mr. Ibarra could proceed *pro se* in this matter.  (MTW (Dkt. # 49).)  On March 22, 2017, the court held a hearing on the motion.  (*See* 3/22/17 Min. Entry.)  At the hearing, the court allowed Mr. Ibarra's counsel to withdraw and granted Mr. Ibarra's "request to proceed *pro se* with the understanding that there is an upcoming trial date of May 15, 2017."  (*Id.*)  The court allowed Mr. Ibarra to proceed *pro se* as he wanted but set a deadline of April 3, 2017, for replacement counsel to appear.  The court also confirmed that Mr. Ibarra is "responsible for the conduct of the trial including all pending motions and satisfaction of pretrial deadlines."  (*Id.*)

Mr. Ibarra now moves for an extension of time to retain counsel.  (*See* Mot. at 1.)  Mr. Ibarra states that he reviewed his case with the attorney he identified at the March 22nd hearing, the attorney declined to represent him, and he therefore needs more time to retain counsel.  (*Id.*)  Mr. Ibarra also appears to request that the court reopen discovery.  (*See id.* (stating that Mr. Ibarra's former counsel failed to refresh Dr. Brown's recollection during Dr. Brown's deposition and that Dr. Hawwa did not "know how to relate the injuries" during Dr. Hawwa's deposition).)

The court grants Mr. Ibarra's motion for an extension of time to retain counsel and allows Mr. Ibarra until May 1, 2017—the date of the pretrial conference—to retain counsel.[1]  However, the court cautions Mr. Ibarra that the court will not continue the trial

---

[1] Mr. Ibarra has no general right to counsel in this civil case.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

ORDER - 2

date or otherwise alter any of Mr. Ibarra's remaining pretrial deadlines.  (*See* Sched. Order (Dkt. # 9) at 1-2.)  Accordingly, Mr. Ibarra must notify any potential counsel of the May 15, 2017, trial date and remaining pretrial deadlines, as well as the fact that the court will not continue those dates.  (*See id.*)  In addition, as long as Mr. Ibarra continues to represent himself, Mr. Ibarra is responsible for meeting all remaining pretrial deadlines—including the April 3, 2017, motions in limine deadline—and for conducting the trial.  (*See id.*)

Further, if Mr. Ibarra retains counsel, the attorney must file a notice of appearance pursuant to Local Civil Rule 83.2(a) no later than May 1, 2017, as well as a declaration in which the attorney attests that he or she is aware of the May 15, 2017, trial date, any remaining pretrial deadlines, and the fact that the court will not continue those dates.  *See* Local Rules W.D. Wash. LCR 83.2(a).  Any such counsel must also appear on Mr. Ibarra's behalf at the May 1, 2017, pretrial conference.  (*See* Sched. Order at 2.)

To the extent Mr. Ibarra also moves the court to reopen discovery, the court denies Mr. Ibarra's motion.  A party must show good cause for relief from a court's scheduling order.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (stating that good cause for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order.); (Sched. Order at 1 (setting discovery cut-off for January 17, 2017).)  Mr. Ibarra has not shown the requisite good cause for reopening discovery, particularly because trial is set to begin in mid-May.  (*See generally* Mot.)

## III. CONCLUSION

For the reasons set forth above, the court GRANTS the motion in part and DENIES the motion in part (Dkt. # 52).

Dated this 30th day of March, 2017.

JAMES L. ROBART
United States District Judge